| | | |
|---|---|---|
| GMAC MORTGAGE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| CURTIS J. MATTHEWS, an individual; | ) | |
| and CAROL W. MATHEWS, an | ) | |
| individual, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on periodic docket compliance review. Review of the pleadings reveals that issues fully joined on November 17, 2010, and that a Certificate of Initial Attorneys Conference was due to be filed with the court not later than December 8, 2010. Failure to conduct the initial attorneys conference and file with the court the CIAC is a violation of Local Civil Rule 16.1.

Having failed to comply, the court will place this matter on for a status conference on January 14, 2011, at 10:30 a.m. Counsel should make every effort to comply with the Local Civil Rules by such date.

Finally, the court has carefully read the defendants' "Response" to the Amended Complaint and is somewhat confused. First, the docket entry (#15) indicates that the document is both an "Answer" and "Counterclaim," while the caption and substance of the pleading would not lead one to conclude that any counterclaim has been reasserted. Second, while the defendants originally filed

separate answers and counterclaims, they have now filed a joint Answer which appears to seek to incorporate their earlier separate answers, delete a motion to dismiss, and incorporate and eliminate certain prayers for relief. While the federal rules are indulgent of responsive pleadings, Fed.R.Civ.P. 8(e), defendants' response does not provide this court with a roadmap of what they contend or what, if any, counterclaims they are asserting. Fed.R.Civ.P. 8(d).  <u>See</u> Response (#15).  Counsel for defendants should carefully consider this responsive pleading in light of Rule 8(b) and the possible remedies under Rule 15(a) before the status conference.  Generally, the court would expect to see an "Answer to First Amended Complaint," not a "Response," in which defendants first assert their affirmative defenses, then answers each and every allegation of the amended complaint, then asserts any counterclaims defendant may have, and concludes with a prayer for relief.   The way the pleadings now stand, the court would be required to cut and paste three responsive documents to determine what motions to dismiss defendants have asserted, the allegations they have admitted and denied, what affirmative defenses they are asserting, and what counterclaims they may be asserting.  All counsel should note well that Rule 8(c)(1) was amended effective December 1, 2010, to eliminate discharge in bankruptcy from the list of affirmative defenses.

## ORDER

**IT IS, THEREFORE, ORDERED** that a status conference is calendared for January 14, 2011, at 10:30 a.m. in Courtroom #2 in Asheville, North Carolina.

Signed: January 4, 2011

Dennis L. Howell
United States Magistrate Judge